# United States Court of Appeals
## For the First Circuit

No. 20-1121

MARIA I. VILLENEUVE,

Plaintiff, Appellant,

v.

AVON PRODUCTS, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Dominguez, District Judge]

Before

Torruella, Kayatta and Barron,
Circuit Judges.

Juan Frontera-Suau, Frontera Suau Law Offices, PSC, and
Kenneth Cólon for appellant.
Elizabeth Perez-Lleras, Schuster Aguiló LLC, and Lourdes C.
Hernández-Venegas, for appellee.

October 7, 2020

**Per Curiam**.    We return in this appeal to district court litigation we reviewed previously in Villeneuve v. Avon Prod., Inc., 919 F.3d 40 (1st Cir. 2019). There, we affirmed judgment for Avon Products, Inc. ("Avon"), on three claims brought by Appellant María Villeneuve.

After our mandate issued, Avon sought to recover some of its expenses, and moved the district court to tax costs. See 28 U.S.C. § 1920. The district court granted in part (and denied in part) Avon's request. Villeneuve then appealed that ruling.

Before briefing on any claim of error, the parties filed a joint motion, stating that they had settled the case "for the sole purpose of avoiding litigation costs." The parties then made what we construe to be two requests: first, that we enter "judgment with prejudice disposing of" this appeal, and second, that we vacate the district court's costs order. We address the parties' requests by dismissing the appeal and by denying the request for vacatur, without prejudice to seeking relief from the district court.

**I.**

**Background**

A. District Court Litigation and Prior Appeal

We previously recounted, in some detail, Villeneuve's suit against Avon. See Villeneuve, 919 F.3d 40 at 42-46. We note here only the new developments, and other key points, to lend context

to the discussion.

Villeneuve worked for over 16 years for Avon, in various roles, before Avon terminated her in July 2014. Id. at 42-43. In November of that year, Villeneuve filed suit against Avon in the District Court for the District of Puerto Rico, bringing claims of (1) age discrimination, (2) sexual-orientation discrimination, and (3) unjust discharge, all based on Puerto Rico law. Id. at 43-44. The district court heard the case in diversity. Id. at 42. Before discovery, the district court granted Avon's motion to dismiss the sexual-orientation discrimination claim. Id. at 43-44. Discovery then commenced on the remaining claims, and Avon eventually moved for summary judgment. Id. at 44. The district court granted the motion. Id. at 46. Between them, the district court's two rulings had resolved all the claims from the operative complaint, teeing up Villeneuve's appeal. See id. at 46. After oral argument, we affirmed the relevant rulings in favor of Avon. Id. at 54.[1]

B. Bill of Costs

In May 2017, before we decided the appeal, Avon, as the once (and future) prevailing party, moved for an award of costs under Federal Rule of Civil Procedure 54(d). The deputy clerk of court for the District entered an order denying relief, without prejudice to Avon refiling after "judgment on appeal is entered and the

---

[1] We awarded Avon the costs of appeal. Id. (citing Fed. R. App. P. 39(a)(2)).

appellate mandate becomes final." In April 2019, after the mandate from our opinion in the original appeal issued, Avon timely filed a motion restating its bill of costs, without any apparent material change in the relief sought.

In its motion, as restated, Avon requested an award of costs relating to: (1) copying, (2) translation and interpretation services, (3) producing deposition transcripts, and (4) service of process (as well as service of certain subpoenas). The parties fully briefed the motion.

In December 2019, the district court issued an opinion and order granting in part and denying in part Avon's restated motion. In the order and opinion, the district court left open one item, by indicating that denial of certain copying-related costs was without prejudice and giving Avon time to provide "proper documentation." After a responsive submission by Avon, the district court issued an amended opinion and order.

All told, the district court awarded Avon costs amounting to (1) $623.85 for production-related copying, (2) $675.00 for Spanish-language interpretive services, (3) $1,491.40 for court reporting of Villeneuve's deposition, and (4) $5,418.80 for service. The district court, in calculating these amounts, declined to award $374.40 relating to discovery-related subpoenas and $2,420.60 for translation services.

C. Instant Appeal

Villeneuve timely appealed the amended opinion and order. See Fed. R. App. P. 4(a). Avon did not appeal from the partial denial of relief, so the only sums in dispute on appeal were the costs awarded to Avon.

Well before the deadline for Villeneuve's opening brief, the parties filed a "Joint Motion Informing Settlement Agreement and Requesting the Court to Vacate the District Court's Ruling That Is Subject of the Present Appeal." The parties tell us that they "have reached a settlement agreement in the present case, for the sole purpose of avoiding litigation costs." The motion requests that this court "issue a judgment with prejudice disposing of the present case by vacating the District Court's rulings that are subject to the appeal." The parties also request that any judgment not impose costs or attorney's fees. Beyond the information about the settlement and the parties' motivations for settling, the joint motion offers no argument or authority in favor of the specific relief sought.

## II.

### Analysis

The parties, by their joint motion, seek two distinct forms of relief: first, dismissal, and second, vacatur. We address the two requests in turn.

- 5 -

## A. Dismissal (and Mootness)

A case becomes moot on appeal "when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001). In this situation, "a case or controversy ceases to exist, and dismissal of the action is compulsory." Id.

Here, the parties purport to have settled their dispute, leaving neither party with an issue to pursue on appeal. Based on the stipulated fact of settlement, we can only conclude that "the issues presented in the initial appeal are 'no longer live,'" meaning we must dismiss the appeal. Overseas Military Sales Corp. v. Giralt-Armada, 503 F.3d 12, 17 (1st Cir. 2007) (quoting Cruz, 252 F.3d at 533). Our conclusion on this point therefore resolves the joint motion insofar as the parties seek disposition of this appeal.

## B. Vacatur

The parties also have asked this court to vacate the district court's costs order. Our approach to a request of this kind usually turns on what ruling a party seeks to vacate and the reasons offered for doing so. Though sometimes we will entertain a direct request to vacate a lower court ruling, we will not do so here, because the Federal Rules of Civil Procedure afford a potential path to relief before the district court.

Under Federal Rule of Civil Procedure 60(b)(5), "[o]n motion

and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." In this way, "Rule 60(b)(5) describes three sets of circumstances in which relief from a final judgment may be justified." Comfort v. Lynn Sch. Comm., 560 F.3d 22, 27 (1st Cir. 2009).

Here, the parties seek limited relief, concerning a monetary award, after a settlement. This is a "set of circumstances" where the award of costs "has been satisfied, released, or discharged," directly implicating Rule 60(b)(5). When relief under that provision may be available, parties in these or similar circumstances should first seek relief under Rule 60(b)(5) at the district court, before making any request to this court.

The parties do not explain why relief under Rule 60(b)(5) is not available, and the dismissal of the appeal should not affect the parties' rights to invoke the provision. Thus, given the enduring potential for relief under Rule 60(b)(5), we have no reason at this time to take up the vacatur request lodged in this court.

### III.

### Conclusion

We conclude that the undisputed fact of settlement moots any

case or controversy, requiring dismissal of this appeal. Therefore, the parties' joint motion is resolved as follows.

We **DISMISS** the appeal as moot, with the parties to bear their own appellate costs and fees. We need not take up the parties' vacatur request, but this decision is without prejudice to pursuit of vacatur relief in the district court, a course we encourage for parties who find themselves in similar positions in the future. Any party wishing to seek review of subsequent district court rulings in this case should file a new notice of appeal.[2]

---

[2] Villeneuve designated multiple district court rulings (and party filings) in the operative notice of appeal. See Fed. R. App. P. 3(c)(1)(B). Based on the course we follow here, we need not decide whether the notice of appeal was timely as to all the district court rulings listed, nor whether each of the listed rulings is appealable as a general matter. The parties may seek vacatur of the district court orders of their choosing, and the district court may determine, in the first instance, which prior orders, if any, should be vacated.